**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| TRUSTEES OF CENTRAL LABORERS' PENSION, WELFARE & ANNUITY FUNDS,<br><br>    Plaintiffs,<br><br>vs.<br><br>LION CONSTRUCTION I, LLC,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)   Case No. 3:15-cv-764<br>)<br>)<br>)<br>) |

**COMPLAINT**

NOW COMES the Plaintiff, the TRUSTEES OF THE CENTRAL LABORERS' PENSION, WELFARE & ANNUITY FUNDS, hereinafter referred to as "FUNDS", by their attorneys, PATCHETT LAW OFFICE, and complains of the Defendant, LION CONSTRUCTION I, LLC, as follows:

    1.    This action arises under Secs. 502 and 515 of the Employee Retirement Income Security act of 1974, as amended (29 U.S.C. Secs. 1132 and 1145), and the Court has jurisdiction over the subject matter of the claims pursuant thereto.

    2.    The Funds are administered pursuant to the terms and provisions of the Declarations of Trust creating said Funds and are required to be maintained and administered in accordance with the provisions of the Labor Management Relations Act of 1947, and other applicable state and federal laws.  The address and place of business of the Funds are P.O. Box 1246, Jacksonville, Illinois, 62651.

    3.    The Defendant is an employer engaged in an industry affecting commerce, who employs or has employed individuals in the appropriate unit of laborers', the majority of which are members of and are represented by laborers' locals affiliated with the Funds, and the Defendant employer agreed to provide participation in

the Funds in order to obtain health and welfare benefits for the employees represented by locals affiliated with the Funds.  The Defendant's address is 2598 South 14000 East road, St. Anne, Illinois, 60964.

     4.     The Defendant is obligated to submit contributions to the Funds pursuant to the terms of the Agreements attached hereto as Exhibit "1".

     5.     The Defendant has also agreed to be bound to the Agreement and Declarations of Trust governing the administration of said Funds by virtue of the Defendant's execution of the above stated Agreements.  Pursuant to the provisions contained therein, the Funds' representatives are authorized to conduct an audit upon the payroll books and records of a participating employer in order to determine whether such employer is fulfilling all of its obligations to the Funds.

     6.     Notwithstanding the foregoing, the Defendant has breached its obligations to the Funds in that an audit of the payroll records of the Defendant revealed that the Defendant has failed to submit timely and accurate contributions to the Funds.

     7.     The Funds have requested that Defendant fully perform its obligations, but the Defendant has failed and refused to perform as alleged herein.

     8.     The Defendant is indebted to the Funds in the amount of **Four Hundred Fifty Three Dollars and Twenty Three Cents ($453.23)** representing liquidated damages for covered work performed at Effingham, Illinois.

     9.     The Defendant is indebted to the Funds in the amount of **Six Thousand Nine Hundred Ninety Three Dollars and Seventy Two Cents ($6,993.72)** representing remittance report form shortages for covered work performed at Effingham, Illinois.

10. Pursuant to the aforementioned Agreements, the Defendant is liable for reasonable attorney fees, court costs, audit costs, liquidated damages and other reasonable expenses incurred by the Funds in connection with the collection of delinquent contributions.

WHEREFORE, the Funds pray:

A. That Judgment be entered in favor of the Funds and against the Defendant in the amount of **Seven Thousand Four Hundred Forty Six Dollars and Ninety Five Cents ($7,446.95)** representing **Four Hundred Fifty Three Dollars and Twenty Three Cents ($453.23)** in liquidated damages and **Six Thousand Nine Hundred Ninety Three Dollars and Seventy Two Cents ($6,993.72)** in remittance report form shortages.

B. That the Defendant be decreed to pay to the Funds its reasonable attorney fees and court costs as provided by 29 U.S.C. Sec. 1132(g)(2); and the aforementioned Agreements.

C. That the Defendant be required to comply with an up-to-date audit of his books.

D. The Funds have such other and further relief as the Court may deem just and equitable all at Defendant's cost.

Respectfully submitted,
s/ John R. (Randy) Patchett
104 West Calvert Street
P.O. Box 1176
Marion, IL 62959
Tele:  618-997-1984
Fax:   618-998-1495
E-Mail: patchettlawoffice@gmail.com
ARDC No. 02151677